**Georgina Romero FLORES; et al., Petitioners,**

**v.**

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 07–71691.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 13, 2007 *.

Filed Nov. 19, 2007.

Georgina Romero Flores, Gardena, CA, pro se.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Eduardo Perez Romero, Los Angeles, CA pro se.

District Counsel, Esq., Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Daniel E. Goldman, Esq., Jonathan Robbins, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: McKEOWN, TALLMAN and CLIFTON, Circuit Judges.

## MEMORANDUM **

This is a petition for review of the Board of Immigration Appeals' ("BIA") order adopting and affirming an Immigration Judge's order denying petitioners' applications for cancellation of removal.

We have reviewed the record and the opening brief, and we conclude that petitioner Anacleto Urias Soto, A95–302–570, has failed to raise a colorable constitutional or legal claim to invoke our jurisdiction over this petition for review. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926 (9th Cir.2005); *Torres–Aguilar v. INS,* 246 F.3d 1267, 1271 (9th Cir.2001). Accordingly, respondent's motion to dismiss this petition for review for lack of jurisdiction is granted with respect to petitioner Urias Soto. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Romero–Torres v. Ashcroft,* 327 F.3d 887, 892 (9th Cir.2003); *Montero–Martinez v. Ashcroft,* 277 F.3d 1137, 1144 (9th Cir. 2002).

A review of the administrative record demonstrates that there is substantial evidence to support the BIA's decision that petitioner Georgina Romero Flores, A95–302–571, failed to establish continuous physical presence in the United States for a period of not less than ten years as required for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1)(A); *Lopez–Alvarado v. Ashcroft,* 381 F.3d 847, 851 (9th Cir.2004). A review of the administrative record also demonstrates that petitioner Eduardo Perez Romero, A95–302–572, has presented no evidence that he has a qualifying relative as defined in 8 U.S.C. § 1229b(b)(1)(D). *See Molina–Estrada v. INS,* 293 F.3d 1089, 1093–94 (9th Cir. 2002). The BIA therefore correctly concluded that, as a matter of law, petitioner Perez Romero was ineligible for cancellation of removal. Accordingly, respondent's motion for summary disposition is granted because the questions raised by this petition for review as to petitioners Romero Flores and Perez Romero are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam).

Finally, the BIA did not abuse its discretion in requiring petitioners to comply with *Matter of Lozada,* 19 I. & N. Dec. 637 (BIA 1988), as a prerequisite to claiming ineffective assistance of counsel. *See Reyes v. Ashcroft,* 358 F.3d 592, 598–99 (9th Cir.2004) (approving *Lozada* requirements when ineffectiveness is not clear from the record).

All other pending motions are denied as moot. The temporary stay of removal and voluntary departure confirmed by Ninth Circuit General Order 6.4(c) and *Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004), shall continue in effect until issuance of the mandate.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

PETITION FOR REVIEW DIS-MISSED in part; DENIED in part.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.